IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NGOZI PAULA EJIM,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No. 1:25-CV-1103-ADA-SH |
| THOMAS J. HENRY, PLLC, et al.,<br>*Defendants* | §<br>§ | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Permission to File Electronically (Dkt. 3), all filed July 16, 2025.[1] Plaintiff Ngozi Paula Ejim brings this employment discrimination suit against her former employer, Thomas J. Henry ("TJH"), and TJH employees Emilia Cummings, Elena Fabrin, Jack Genovese II, Amber Petrig Simon, Laurie Dobson, and Tanya Banchand ("Individual Defendants").

### I. Order Granting *In Forma Pauperis* and Electronic Filing Applications

Plaintiff seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), alleging that she is unable to pay the costs of these proceedings. Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she is unable to pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v.*

---

[1] The District Court referred the case to this Magistrate Judge for disposition of non-dispositive motions and report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order. Dkt. 4.

1

*Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Plaintiff's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application for *in forma pauperis* status. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue, or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is also advised that although she has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Plaintiff also asks the Court to approve her request to become an electronic filing user. Because Plaintiff states that she has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** her Application for Permission to File Electronically (Dkt. 3).

## II.  Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e). A court may summarily dismiss or partially dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that she worked at TJH as a legal assistant from December 19, 2022 through her termination on August 16, 2023. Dkt. 1 at 7, 13-14. Plaintiff, a practicing Nigerian Christian from Nigeria, wears a nose piercing and a religious head scarf known as a Gele to "display[] her pride and commitment to her national origin and cultural traditions." *Id.* at 7. She alleges that her supervisors demanded that she remove her Gele and nose piercing despite "knowing its cultural and national significance." *Id.* at 7-8. Plaintiff alleges that she suffered further discrimination in the terms and conditions of her employment because of her race, national origin, sex, and religious and cultural beliefs, in violation of Title VII of the Civil Rights Act and the Fair Labor Standards Act ("FLSA"). *Id.* at 3, 10-14. She also alleges that she was retaliated against and ultimately terminated because of her complaints of discrimination. Finally, Plaintiff alleges that she exhausted her administrative remedies and attaches a copy of her right to sue letter from the Equal Employment Opportunity Commission. Dkt. 1-2.

This Magistrate Judge finds that Plaintiff's allegations against TJH are sufficient at this stage to avoid dismissal of her claims for frivolousness. Plaintiff's FLSA claims against the Individual Defendants also survive frivolousness review because the term "employer" under the FLSA includes individuals with managerial responsibilities and substantial control over the terms and conditions of the employee's work. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984).

But Plaintiff does not state a plausible claim for relief under Title VII against the Individual Defendants because it is well established that "individuals are not liable under Title VII in either their individual or official capacities." *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324, 328 n.2 (5th Cir. 2024) (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n. 1 (5th Cir. 2003)). Accordingly, this Magistrate Judge recommends that Plaintiff's Title VII claims against the Individual Defendants should be dismissed.

## III. Report and Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Title VII claims against the Individual Defendants and **STRIKE** those claims from the Complaint (Dkt. 1). If the District Court adopts this Report and Recommendation, Plaintiff's FLSA claims and her Title VII claims against Thomas J. Henry, PLLC will remain pending.

## IV. Order for Service

The Court has granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Application for Permission to File Electronically (Dkt. 3). The Court **ORDERS** that Plaintiff's Complaint shall be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), the Clerk shall issue summons, and the United States Marshals Service shall attempt service in this case without pre-payment of a service fee.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days

after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 29, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE